KOLLER LAW, P.C.
David M. Koller, Esquire (90119)     *Attorneys for Plaintiffs*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215) 545-8917
(215) 575-0826 (fax)

MENSING LAW LLC
Stephanie Mensing, Esquire (89625)
The Philadelphia Building
1315 Walnut Street, Suite 917
Philadelphia, PA 19107
(215) 586-3751

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD P. KOLLER** and **HUNTINGDON VALLEY EYE CARE CONSULTANTS, LTD.**  Plaintiffs, | : : : : : |
| | : Civil Action No. |
| v. | : : |
| **ABINGTON MEMORIAL HOSPITAL**  Defendant. | : Hon. : Complaint and Jury Demand : |

## COMPLAINT

Plaintiff, Harold Koller, by and through his counsel, Koller Law, P.C. and Mensing Law LLC, avers the following:

## INTRODUCTORY STATEMENT

Plaintiff, Harold P. Koller and Huntingdon Valley Eye Care Consultants, Ltd. (hereinafter referred to as "Plaintiffs"), file this Complaint naming Defendant, Abington Memorial Hospital (hereinafter referred to as "Defendant" or "Abington Hospital") as the Defendant. Plaintiff alleges that Defendant, by and through its managers, supervisors, agents, and employees, engaged in a pattern and practice of unlawful discrimination in violation of the

Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").

## JURISDICTION AND VENUE

1. Plaintiffs incorporate the foregoing paragraphs by reference herein as if the same were set forth at length.

2. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1346(a)(2) because it is a civil action.

4. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. Plaintiff incorporates the foregoing paragraphs by reference herein as if the same were set forth at length.

7. Plaintiff is a Pediatric Ophthalmologist who resides at 420 Hickory Road in Huntingdon Valley, PA 19006.

8. Defendant is Abington Memorial Hospital – Jefferson Health (AH), a 665 bed, regional referral center and teaching hospital, which, according to its website, has been providing comprehensive, high-quality services for people in Montgomery, Bucks and Philadelphia counties for more than 100 years.  See http://www.abingtonhealth.org/find-a-location/abington-hospital/.

9. At all times relevant hereto, Defendant employed Plaintiff.

10. At all times relevant, Defendant adopted, agreed, acquiesced, and otherwise accepted and was bound by the actions and omissions of its employees, officers, and agents.

11. At all times relevant, Defendant employed more than fifteen (15) employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiffs incorporate the foregoing paragraphs by reference herein as if the same were set forth at length.

13. Dr. Koller exhausted his administrative remedies under the ADEA and the PHRA. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. Dr. Koller is a male over the age of forty (40) years old who alleges discrimination on the basis of age in violation of the ADEA and the PHRA.

15. Dr. Koller filed a timely written Charge of Discrimination ("Charge") with the Pennsylvania Human Relations Commission, docketed at Case No. 201304847 and dual filed with the Equal Employment Opportunity Commission, docketed at EEOC No. 17F201460701.

16. The EEOC issued Plaintiff a Notice of Dismissal and Right to Sue, and Plaintiffs file the

instant complaint within ninety (90) days of his receipt of said Notice of Dismissal and Right to Sue.

17. Prior to the filing of this action, Plaintiffs notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiffs exhausted the requisite administrative remedies.

## FACTS

19. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

### DR. KOLLER AND DEFENDANT ENTER INTO "PHYSICIAN EMPLOYMENT AGREEMENT OUTPATIENT SETTING" ON JULY 1, 2008

20. Dr. Koller and Defendant entered into a Physician's Employment Agreement Outpatient Setting (hereinafter referred to as the "Employment Agreement") on July 1, 2008 whereby Dr. Koller agreed to provide consultant services ("Services") to premature infants at Defendant's Special Care Nursery in Exchange for certain compensation enumerated in the Agreement.

21. The Employment Agreement, at Paragraph 2.1, specified that the Employment Agreement was to remain in effect for two (2) years and automatically renew for one (1) year terms thereafter upon the same terms and conditions as the Initial Term, unless amended or terminated as provided within the contract.

22. On January 1, 2011, Defendant and Dr. Koller signed an Assignment Agreement, assigning the rights and responsibilities of the Employment Agreement from Dr. Koller to Huntingdon Valley Eye Care Consultants, LTD (hereinafter referred to as "HVECC").

23. Dr. Koller owns HVECC.

### DEFENDANT TERMINATED THE AGREEMENT ON MARCH 21, 2013

24. On March 25, 2013, Dr. Koller received a letter (hereinafter referred to as the "Termination Letter") from Margaret M. McGoldrick, Defendant's Executive Vice President and Chief Operating Officer, dated March 21, 2013, terminated the Employment Agreement and the Assignment, with an effective termination date of September 20, 2013.

25. In the March 21, 2013 letter, Ms. McGoldrick wrote:

> Please accept this letter as notice, pursuant to Section 2.2.1(ii) of the Agreement between Huntingdon Valley Eye Care Consultants, LTD and Abington Memorial Hospital dated as of July 1, 2008 (as amended, the "Agreement") of termination of the Agreement effective September 20, 2013. We appreciate the many years of service you have dedicated to AMH and our smallest of patients.
>
> Should you have any questions or comments, please do not hesitate to contact me.

26. Section 2.2.1(ii) of the Employment Agreement provides that "Physician or Hospital may terminate this Agreement at any time by giving the other party at least one hundred eighty (180) days prior written notice."

27. Shortly upon his receipt of the Termination Letter, Dr. Koller called Ms. McGoldrick's office to try to speak with her so that she could provide him with an explanation as to the underlying reasons of why Respondent terminated the Employment Agreement.

28. Dr. Koller left two message for Ms. McGoldrick to return his calls.

29. Ms. McGoldrick did not return either of Dr. Koller's two calls.

30. When Dr. Koller called Ms. McGoldrick for the third time, her assistant instructed Dr. Koller to contact Dr. Steven Shapiro, DO, Chair of Pediatrics at Defendant.

31. Dr. Koller followed that instruction and contacted Dr. Shapiro for a conversation over the reasons as to why Defendant terminated the Employment Agreement.

32. During that conversation, Dr. Shapiro told Dr. Koller that it was his decision to offer the

services to Emily DeCarlo, MD, a pediatric ophthalmologist significant younger than Dr. Koller, and her practice at Tri-County Eye Physicians Surgeons.

33. Dr. Shapiro told Dr. Koller that the reason for the switch was for "continuity of care."

34. Dr. Shapiro also said to Dr. Koller that Tri-County was better equipped to provide that continuity of care than Dr. Koller and HVECC.

35. Dr. Shapiro also told Dr. Koller that Defendant was in need of an Ophthalmologist who could provide quality care for the next "15 to 20 years."

36. Dr. Koller responded to Dr. Shapiro by pointing out that he, his pediatric ophthalmologist associate, Dr. Cynthia Alley, MD (age 41 years), and HVECC were fully capable of performing the services outlined in the Employment Agreement.

37. Dr. Shapiro reiterated his need for "continuity of care for the next fifteen to twenty years" and ended the conversation by telling Dr. Koller that the discussion was over.

38. Dr. Koller called Ms. McGoldrick after his conversation with Dr. Shapiro and explained that he was disappointed with Defendant's decision, and requested that the Employment Agreement terminate on September 30, 2013 instead of September 20, 2013, to which Ms. McGoldrick agreed.

39. The Employment Agreement terminated effective September 30, 2013.

40. Upon information and belief, after negotiations, Tri-County Eye Physicians Surgeons ultimately declined to enter into an agreement with Defendant concerning the services covered in the Employment Agreement specified herein.

41. Subsequently, and about a week before Dr. Koller's Employment Agreement terminated, Dr. Shapiro contacted Dr. Alley and offered her the services covered in the Employment Agreement specified herein.

## COUNT I UNDER THE ADEA- FAILURE TO HIRE/RENEW

42. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

43. It is illegal for an employer because of the age of any individual or independent contractor to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services rendered.

44. Dr. Koller was born on July 7, 1937.

45. At the time of the adverse employment action specified herein, Dr. Koller was seventy-six (76) years old.

46. On September 30, 2013 Defendant terminated the Employment Agreement.

47. Defendant subsequently sought to hire a younger individual from Tri-County Eye Physicians Surgeons, but that deal was never consummated.

48. Defendant ended up hiring a younger individual to replace Dr. Koller – namely, Dr. Koller's own associate pediatric ophthalmologist.

49. Dr. Koller was qualified, and best qualified, to perform the services outlined in the Employment Agreement.

50. Defendant had no legitimate non-discriminatory reason for refusing to hire Plaintiff for a continuation of the Employment Agreement.

51. Based upon Dr. Shapiro's discriminatory comments, it is clear that Dr. Koller's age was the reason for Respondent's decision not to hire Dr. Koller and Huntingdon Valley Eye Care Consultants, Ltd. for the services outlined in the Employment Agreement.

52. Based upon Dr. Shapiro's discriminatory comments, any reason(s) offered now by Respondent to justify discriminatory actions is pretext.

53. Based upon the foregoing, Dr. Koller alleges that Defendant violated the ADEA and Section 5(a) of the Pennsylvania Human Relations Act ("PHRA") 43 P.S. 951-963.

54. Plaintiffs pray that Defendant be required to provide all appropriate remedies under the ADEA and Section 9 of the PHRA.

## COUNT II UNDER THE PHRA – FAILURE TO HIRE/RENEW

55. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

56. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

57. It is illegal for an employer because of the age of any individual or independent contractor to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services rendered.

58. Dr. Koller was born on July 7, 1937.

59. At the time of the adverse employment action specified herein, Dr. Koller was seventy-six (76) years old.

60. On September 30, 2013 Defendant terminated the Employment Agreement.

61. Defendant subsequently sought to hire a younger individual from Tri-County Eye Physicians Surgeons, but that deal was never consummated.

62. Defendant ended up hiring a younger individual to replace Dr. Koller – namely, Dr. Koller's own associate pediatric ophthalmologist.

63. Dr. Koller was qualified, and best qualified, to perform the services outlined in the Employment Agreement.

64. Defendant had no legitimate non-discriminatory reason for refusing to hire Dr. Koller for a continuation of the Employment Agreement.

65. Based upon Dr. Shapiro's discriminatory comments, it is clear that Dr. Koller's age was the reason for Defendant's decision not to hire Dr. Koller and Huntingdon Valley Eye Care Consultants, Ltd. for the services outlined in the Employment Agreement.

66. Based upon Dr. Shapiro's discriminatory comments, any reason(s) offered now by Defendant to justify discriminatory actions is pretext.

67. Based upon the foregoing, Dr. Koller alleges that Defendant violated the ADEA and Section 5(a) of the Pennsylvania Human Relations Act ("PHRA") 43 P.S. 951-963.

68. Plaintiffs pray that Defendant be required to provide all appropriate remedies under the ADEA and Section 9 of the PHRA.

### COUNT III UNDER THE ADEA – TERMINATION/DISCHARGE

69. Paragraphs 1 through 68 are incorporated herein by reference as though set forth in full.

70. It is illegal for an employer because of the age of any individual or independent contractor to refuse to hire or employ or contract with, or to bar or to discharge from

employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services rendered.

71. Dr. Koller was born on July 7, 1937.

72. At the time of the adverse employment action described herein, Dr. Koller was seventy-six (76) years old.

73. On September 30, 2013 Defendant terminated the Employment Agreement.

74. Defendant subsequently sought to hire a younger individual from Tri-County Eye Physicians Surgeons, but that deal was never consummated.

75. Defendant ended up hiring a younger individual to replace Dr. Koller – namely, Dr. Koller's own associate pediatric ophthalmologist.

76. Dr. Koller was qualified, and best qualified, to perform the services outlined in the Employment Agreement.

77. Defendant had no legitimate non-discriminatory reason for refusing to hire Complainant.

78. Based upon Dr. Shapiro's discriminatory comments, Dr. Koller's age was the reason for Defendant's decision to terminate the Employment Agreement with Dr. Koller and Huntingdon Valley Eye Care Consultants, Ltd.

79. Based upon Dr. Shapiro's discriminatory comments, any reason(s) offered now by Defendant to justify discriminatory actions is pretext.

80. Based upon the foregoing, Plaintiffs allege that Defendants violated the ADEA and Section 5(a) of the Pennsylvania Human Relations Act ("PHRA") 43 P.S. 951-963.

81. Plaintiffs pray that Defendant be required to provide all appropriate remedies under the ADEA and Section 9 of the PHRA.

### COUNT IV UNDER THE PHRA– TERMINATION/DISCHARGE

82. Paragraphs 1 through 81 are incorporated herein by reference as though set forth in full.

83. It is illegal for an employer because of the age of any individual or independent contractor to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate

against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services rendered.

84. Dr. Koller was born on July 7, 1937.

85. At the time of the adverse employment action described herein, Dr. Koller was seventy-six (76) years old.

86. On September 30, 2013 Defendant terminated the Employment Agreement.

87. Defendant subsequently sought to hire a younger individual from Tri-County Eye Physicians Surgeons, but that deal was never consummated.

88. Defendant ended up hiring a younger individual to replace Dr. Koller – namely, Dr. Koller's own associate pediatric ophthalmologist.

89. Dr. Koller was qualified, and best qualified, to perform the services outlined in the Employment Agreement.

90. Defendant had no legitimate non-discriminatory reason for refusing to hire Complainant.

91. Based upon Dr. Shapiro's discriminatory comments, Dr. Koller's age was the reason for Defendant's decision to terminate the Employment Agreement with Dr. Koller and Huntingdon Valley Eye Care Consultants, Ltd.

92. Based upon Dr. Shapiro's discriminatory comments, any reason(s) offered now by Defendant to justify discriminatory actions is pretext.

93. Based upon the foregoing, Plaintiffs allege that Defendants violated Section 5(a) of the Pennsylvania Human Relations Act ("PHRA") 43 P.S. 951-963.

94. Plaintiffs pray that Defendant be required to provide all appropriate remedies under Section 9 of the PHRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following relief against Defendant, including:

(a)    Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                          **RESPECTFULLY SUBMITTED,**
                                          **KOLLER LAW, P.C.**

Date: June 8, 2015          **By:**
                                          David M. Koller, Esquire (90119)
                                          2043 Locust Street, Suite 1B
                                          Philadelphia, PA 19103
                                          215-545-8917
                                          *Counsel for Plaintiff*


                                          _____
                                          Stephanie Mensing, Esquire (89625)
                                          The Philadelphia Building
                                          1315 Walnut Street, Suite 917
                                          Philadelphia, PA 19107
                                          *Counsel for Plaintiff*