# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD P. KOLLER, *et al.*, <br>     Plaintiffs, <br>     v. <br> ABINGTON MEMORIAL HOSPITAL, <br>     Defendant. | CIVIL ACTION 15-3234 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                                                                       **April 27, 2017**

Plaintiffs Harold P. Koller ("Dr. Koller") and Huntingdon Valley Eye Care Consultants, Ltd. ("HVECC"), bring this employment discrimination action against Defendant Abington Memorial Hospital ("AMH"). Plaintiffs allege that AMH terminated them in violation of the Age Discrimination in Employment Act ("ADEA")[1] and the Pennsylvania Human Relations Act ("PHRA").[2] Now before the Court is Defendant's Motion for Summary Judgment. Because the claims are time-barred, the motion will be granted.

## I.    FACTUAL AND PROCEDURAL HISTORY

The parties have stipulated to most of the relevant facts; where the facts are contested they are viewed in the light most favorable to Plaintiffs, the non-moving parties.[3] Dr. Koller has been a pediatric ophthalmologist since 1971 and is the owner and President of HVECC. In July 2008, Dr. Koller entered into an agreement ("2008 Agreement") with AMH to provide on-site eye examinations for all premature infants. Effective January 1, 2011, the parties entered into an adjustment of the 2008 Agreement, whereby Dr. Koller assigned his rights and obligations under the 2008 Agreement to HVECC. The assignment specified that HVECC would provide the

---

[1] 29 U.S.C. §§ 621, *et seq*.
[2] 43 P.S. §§ 951, *et seq*.
[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

services to AMH through Dr. Koller and Dr. Alley, a younger ophthalmologist who had an agreement to provide services to HVECC's patients. The 2008 Agreement allowed termination by either party at any time upon 180 days' prior written notice. On March 21, 2013, AMH provided Plaintiffs with written notice of termination, effective September 30, 2013.[4] On October 1, 2013, AMH contracted directly with Dr. Alley to provide similar services. Plaintiffs claim that AMH violated both the ADEA and the PHRA by terminating the 2008 Agreement for discriminatory reasons related to Dr. Koller's age.

## II.     STANDARD OF REVIEW

Summary judgment may be granted when, "after considering the record evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law."[5] A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] "[A] factual dispute is material only if it might affect the outcome of the suit under governing law."[7] To establish a genuine issue of material fact, the non-moving party must introduce evidence beyond the mere pleadings to create an issue of material fact on "an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8] Evidence that is "merely colorable or is not significantly probative" does not raise a genuine issue of material fact.[9] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court

---

[4] AMH originally set the effective termination date on September 20, 2013. Upon Dr. Koller's request, AMH agreed to postpone the termination date to September 30, 2013. Doc. No. 23 (Statement of Stipulated Material Facts) ¶¶ 42-43.

[5] *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[7] *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 358 (3d Cir. 2014) (citations omitted).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[9] *Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp*,. 812 F.2d 141, 144 (3d Cir. 1987) (citation and internal quotation marks omitted).

determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[10]

## III. DISCUSSION

The ADEA and the PHRA make it unlawful for an employer to discharge an individual because of that individual's age,[11] and require that a plaintiff first exhaust administrative remedies before suing for violations of the ADEA or the PHRA.[12] The ADEA requires a plaintiff to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct.[13] The PHRA requires a plaintiff to file a complaint with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged discriminatory conduct.[14]

The timeline of the case is undisputed. On March 25, 2013, Plaintiffs received a notice of termination dated March 21, 2013, ending the 2008 Agreement, effective on September 30, 2013.[15] AMH contracted with Dr. Alley on October, 1, 2013. Plaintiffs filed a charge of discrimination with the PHRC and the EEOC on March 18, 2014.[16] By letter dated September 26, 2014, the PHRC dismissed Plaintiffs' complaint for lack of probable cause.[17] On February 24, 2015, the PHRC also denied Plaintiffs' request for a preliminary hearing on the ground that

---

[10] *Celotex*, 477 U.S. at 322.

[11] The instant action is brought by Dr. Koller, an individual, and HVECC, a Pennsylvania professional corporation. The ADEA prohibits discrimination against an "individual" because of that "individual's age." 29 U.S.C. § 623. Similarly, the PHRA prohibits discriminatory practices against "any individual or independent contractor." 43 P.S. § 955. As a non-individual, HVECC would be precluded from bringing suit under the ADEA. However, HVECC's claim would not be precluded under the PHRA if it were to qualify as an independent contractor. Because the Court grants Defendant's motion on other grounds, it need not further address this issue.

[12] *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 109 (3d Cir. 2014).

[13] 29 U.S.C.S. § 626(d); *see also Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383 (3d Cir. 2007) ("In deferral states, such as Pennsylvania, the charge must be filed within 300 days of the allegedly illegal act.") (citation omitted).

[14] 43 P.S. § 959(h); *see also Woodson v. Scott Paper Co.*, 109 F.3d 913, 925-27 (3d Cir. 1996).

[15] *See* Doc. No. 1 (Complaint) ¶ 24; Doc. No. 26 (Pls.' Opp. to Def.'s Motion for Summary Judgment), Ex. G.

[16] *See* Doc. No. 1 ¶ 15; Doc. No. 26 at 5.

[17] Doc. No. 28 (Def.'s Reply Memorandum in Support of Motion for Summary Judgment), Ex. 6 at 1.

the charge was "not substantiated."[18] On June 9, 2015, Plaintiffs filed this lawsuit.[19]

AMH contends that Plaintiffs' claims are time-barred because the applicable limitations periods began to run when the notice of termination was sent on March 21, 2013, and Plaintiffs did not file a charge until 362 days later. In response, Plaintiffs argue that the charge was timely filed because the discriminatory conduct did not occur until October 1, 2013, when AMH contracted with Dr. Alley, and that, in the alternative, the running of the statute was equitably tolled.

It is well-settled that when determining the timeliness of claims brought under the PHRA and the ADEA, "the proper focus must be the date on which the employer's decision to terminate is made and communicated to the employee and not the date when the consequences of this illegal act occurred or became painful."[20] Consequently, "an adverse employment action occurs, and the statute of limitations therefore begins to run, at the time the employee receives notice of that action and termination is a delayed but inevitable result."[21] It is undisputed that Plaintiffs understood that AMH's decision on March 21, 2013, to terminate the 2008 Agreement was final, and Plaintiffs never sought reconsideration of that decision.[22] Instead, Plaintiffs solely asked for

---

[18] *Id.* at 2. Plaintiffs' complaint states that the EEOC issued Plaintiffs a Notice of Dismissal and Right to Sue letter. Doc. No. 1 ¶ 16. However, the letter has not been attached as exhibit.

[19] Doc. No. 1.

[20] *Michnuk v. G.O. Carlson, Inc.*, No. 88-8457, 1989 WL 143244, at *5 (E.D. Pa. Nov. 22, 1989) (noting that a plaintiff's final notice of termination triggers the running of the statute) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 257-58 (1980)).

[21] *Ruehl*, 500 F.3d at 383 (noting that plaintiff had 300 days to file charge from the day he was notified his job would be eliminated) (citation and internal quotation marks omitted); *see also Liszewski v. Moyer Packing Co.*, 252 Fed. App'x. 449, 451 (3d Cir. 2007) (noting that the administrative limitations period under the ADEA and the PHRA began to run when employee was notified of the decision to terminate); *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 306 (3d Cir. 1983) (ADEA limitations period began to run on the date on which "plaintiff had been informed of the dismissal"); *Strang v. Ridley Sch. Dist.*, No. 03-4625, 2004 WL 2331900, at *5 (E.D. Pa. Oct. 12, 2004) (plaintiff's PHRA claim accrued when she learned of the non-renewal, not when her replacement was hired); *Deily v. Waste Mgmt.*, 118 F. Supp. 2d 539, 543 (E.D. Pa. 2000) (the act of discrimination took place when plaintiff allegedly became aware of his termination).

[22] Doc. No. 23 ¶¶ 42-45.

the termination date to be postponed by 10 days for accounting purposes.[23] Thus, the alleged discriminatory conduct occurred when the notice of termination was sent to Plaintiffs on March 21, 2013. As Plaintiffs did not file the charge within the applicable limitations periods, their claims are time-barred.

Nor are Plaintiffs' claims subject to equitable tolling pursuant to § 962(e) of the PHRA.[24] Equitable tolling may excuse a plaintiff's failure to file an administrative charge within the statute of limitations when "(1) the defendant actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum."[25] However, "restrictions on equitable tolling . . . must be scrupulously observed,"[26] as this remedy is "available only sparingly and in extraordinary situations."[27] Plaintiffs bear the burden of establishing the facts necessary to justify an extension.[28]

Here, Plaintiffs claim they were actively misled by AMH as to the allegedly discriminatory reason for termination of the 2008 Agreement.[29] To warrant equitable tolling on this basis, Plaintiffs must show *both* that (i) AMH actively misled them as to the reason for termination; and that (ii) this deception caused Plaintiffs' late filing.[30] "In such instances, the

---

[23] *Id.* ¶ 43.

[24] *See* 43 P.S. § 962(e) ("The time limits for filing under any complaint or other pleading under this act shall be subject to waiver, estoppel and equitable tolling.").

[25] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).

[26] *Holocheck v. Luzerne Cty. Head Start, Inc.*, 385 F. Supp. 2d 491, 497 (M.D. Pa. 2005) (citing *Williams v. Army & Air Force Exch. Serv.*, 830 F.2d 27, 30 (3d Cir. 1987)).

[27] *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997).

[28] *Byers v. Follmer Trucking Co.*, 763 F.2d 599, 600-01 (3d Cir. 1985).

[29] Doc. No. 26 at 9. The other two situations in which equitable tolling is applicable need not be discussed as Plaintiffs do not argue either situation occurred here.

[30] *Ruehl*, 500 F.3d at 385 (citing *Oshiver*, 38 F.3d at 1385-87).

5

statute of limitations is tolled until the date that the facts supporting a plaintiff's claim become apparent or should become apparent to the reasonably prudent person."[31]

The record reflects Plaintiffs' awareness of the alleged age discrimination as early as March 25, 2013, when Dr. Koller reported in his notes a phone call he had with AMH, during which AMH "stressed the need for 'continuity of care for the next 15-20 years.'"[32] Dr. Koller's deposition also reveals his cognizance of a potential age discrimination claim as early as that phone call, during which he recalled "some conversation about my age and the continuity of care was related to—I was too old to continue for the next—he mentioned 15 to 20 years."[33] In an effort to renew the 2008 Agreement, Dr. Koller even emphasized that Dr. Alley "was only 41-years-old at that time" and could thus provide "continuity of care" to patients.[34] Finally, Dr. Koller admitted that, although AMH did not bring up age during the call, "the only thing that one could absolutely conclude is that age was absolutely on the top of [AMH's] list for the reasons for severing the contract."[35]

The Third Circuit has refused to apply equitable tolling where a plaintiff suspected an employer's discriminatory motive at the time of the adverse employment action and failed to file a charge within the limitations period.[36] When the "facts, which would have supported [plaintiff]'s cause of action" are known to plaintiff by the time he is terminated, equitable tolling

---

[31] *Zito v. Apex Asset Mgmt.*, No. 16-2761, 2017 WL 1196684, at *4 (E.D. Pa. Mar. 31, 2017) (citing *Oshiver*, 38 F.3d at 1389).

[32] Doc. No. 28, Ex. 3 at 87 (ECF Pagination).

[33] *Id.*, Ex. 2 at 68.

[34] *Id.* at 69.

[35] *Id.* at 70.

[36] *See Ruehl*, 500 F.3d at 385 (refusing to apply equitable tolling where plaintiff admitted in his deposition that he first thought he had been subjected to age discrimination at the time of termination but filed a charge five years later); *Hart v. J. T. Baker Chem. Co.*, 598 F.2d 829, 834 (3d Cir. 1979) (refusing to toll the limitations period where plaintiff suspected that her discharge was related to her gender at the time of termination and failed to file in time). *Compare with Zito*, 2017 WL 1196684, at *4 (finding equitable tolling applicable where employer actively misled plaintiff with the pretext that the company was downsizing and plaintiff discovered—too late—that she was the only one discharged and that other younger employees were actually promoted).

is not warranted.[37] Similarly here, the record reveals Plaintiffs' awareness of a potential age discrimination claim as early as March 25, 2013.[38] Consequently, even if Plaintiffs could demonstrate that AMH actively misled them as to the cause of termination, they would be unable to show that the deception caused their late filing. Equitable tolling is therefore not warranted.[39]

**IV.  CONCLUSION**

For the reasons stated above, Defendant's motion for summary judgment will be granted. An appropriate Order follows.

---

[37] *Ruehl*, 500 F.3d at 385; *see also Hart*, 598 F.2d at 834 (because "the facts upon which her charge was predicated were known to her on the date of her discharge," application of equitable tolling to plaintiff's late filing was not warranted).

[38] Plaintiffs' reliance on *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994), in support of their argument is misguided. In *Oshiver*, an attorney was dismissed by her law firm on the ground that it lacked sufficient work to sustain her position as an hourly employee. It was not until a year later that she learned a man had been hired to replace her shortly after her dismissal. There, the court found sufficient reason to toll the statute of limitations, as she did not become aware of her potential discrimination claim until a year after the event. *Id*. at 1391.

[39] Because the Court finds that Plaintiffs' claims are time-barred, it need not address Defendant's additional arguments.